■ In the Matter of BRITTANY J. and Another, Children Alleged to be Abandoned. COMMISSIONER OF SOCIAL SERVICES, Respondent; RHUANA J., Appellant. [653 NYS2d 109] —Order, Family Court, New York County (Sara Schechter, J.), entered on or about March 26, 1996, which denied respondent's motion to vacate fact-finding and dispositional orders, same court (Jeffrey

Gallet, J.), entered November 19, 1992, on default, finding that respondent had abandoned the subject children and terminating her parental rights, unanimously affirmed, without costs.

Respondent's motion to vacate her default was untimely under both CPLR 317 and 5015 (a), where she acquired actual notice of the termination proceeding on the very day that personal service had been attempted, and actual knowledge of the default judgment terminating her parental rights on the day the judgment was rendered, but did not move to vacate it until more than three years later. Respondent's claim that she did not appear at the hearing because she did not have carfare is not a reasonable excuse, and her claim that she was misadvised about her right to counsel is conclusory and inadequate to explain the long delay in seeking to vacate the default. Also conclusory, and insufficient to demonstrate a meritorious defense, are respondent's claims concerning attempts to visit or contact the children and alleged fraud by witnesses at the inquest conducted on her default. Nor do we find any merit to respondent's claim that termination of her parental rights is not in the best of interests of the children (see, Matter of Tyrone W., 223 AD2d 367). Concur—Murphy, P. J., Rosenberger, Ellerin and Wallach, JJ.